IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-30168

PETER BILOZUR

Plaintiff - Appellant

v.

EDISON CHOUEST OFFSHORE LLC

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:05-CV-3707

Before REAVLEY, BENAVIDES, and ELROD, Circuit Judges.

PER CURIAM:[*]

Peter Bilozur, a Jones Act seaman, sued his employer, Edison Chouest Offshore, LLC, for maintenance and cure after he was injured in a bar fight. The district court granted summary judgment in favor of the defendant, concluding that Bilozur was not in the service of his ship at the time of his injury. Bilozur appeals the grant of summary judgment. Reviewing the district court's judgment de novo, Wright v. Ford Motor Co., 508 F.3d 263, 274 (5th Cir. 2007), we affirm essentially for the reasons discussed in the district court's opinion.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Bilozur disembarked from his ship in Galliano, Louisiana, on Tuesday, June 7, 2005. At that time he was told he could go home because was not required to report back to his ship until June 21, 2005. Because Bilozur lived in Florida he decided to remain in Louisiana and take advantage of free housing that was available for Edison employees at a nearby dormitory. He also attended a training class required by Coast Guard regulations at Edison's training facility from June 7 until the afternoon of Friday, June 10, 2005, when the class ended. Edison provided the class free of charge to its employees but Bilozur was not required to take the class at Edison's facility. After completing the class Bilozur went to a nearby bar. Several hours after entering the bar, Bilozur was struck in the neck by an unidentified assailant and rendered a paraplegic. He filed suit against Edison for maintenance and cure and Jones Act negligence.[1]

The obligation to pay a seaman maintenance and cure is based on general maritime law and requires that a shipowner make payment to any seaman who "becomes ill or suffers an injury while in the service of a vessel," regardless whether either party was negligent. Bertram v. Freeport McMoran, Inc., 35 F.3d 1008, 1017 (5th Cir. 1994). "Th[e] [maintenance and cure] obligation includes paying a subsistence allowance, reimbursing medical expenses actually incurred, and taking all reasonable steps to ensure that the seaman receives proper care and treatment." Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987) (citation omitted).

Bilozur essentially argues that he was in the service of his ship at the time of his injury because he was being housed at a company dormitory and had just completed a required training course at the company facility. He asserts that the only reason he was in Louisiana on the night of June 10, 2005, was because

---

[1] Bilozur has not briefed his separate claim for Jones Act negligence. Accordingly, that claim is abandoned. See Cinel v. Connick, 15 F.3d 1338, 1345 (5th Cir. 1994).

he had just completed the training course and was waiting for an opening in another course to begin the following Monday. He further argues that the defendant had agreed to pay his travel expenses.

A seaman may be found to be in the service of his ship even if he is on land on his own personal time if he is subject to the call of duty as a seaman and is earning wages as such. Baker v. Ocean Sys., Inc., 454 F.2d 379, 384 (5th Cir. 1972). "[T]he 'call to duty' imports at the very least some binding obligations on the part of the seaman to serve." Id. At the time of his injury, Bilozur was on his "off hitch" time and was free to do as he pleased when he disembarked from his ship, having been replaced by a relief crewman and told he could go home. Bilozur was not being paid while off the ship, and he was not scheduled to return to duty until June 21, 2005. Although Bilozur may have considered himself to be "on call" and may have been willing to return to duty if called, the defendant presented evidence that it had no on call system for off-duty mariners and that an off-duty mariner called to replace a missing crewman was under no obligation to report. The evidence shows that Bilozur was never explicitly told that he was required to stay at the company dormitory, and Bilozur was not required to take the training class at the time and location that he did. The defendant also presented unrebutted evidence that Bilozur was not on a waiting list for any further training classes immediately following June 10, 2005, and there was evidence that the company never paid Bilozur for travel expenses. In short, at the time of his injury Bilozur was not serving any direct or indirect interest of his employer, and there were no "reciprocal obligations" by Bilozur that rendered him in the service of his ship. See Baker, 454 F.2d at 385; see also Sellers v. Dixilyn Corp., 433 F.2d 446, 448–49 (5th Cir. 1970).

The district court's judgment is AFFIRMED.